UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

* * * * * * * * * * * * * * * * * * *

Janine Conroy, as the Trustee for the Heirs of Matthew Joseph Conroy,

Plaintiff,

vs. MINUTE ORDER

Lynn Dingle, individually and in her official capacity as Warden of the Minnesota Correctional Facility/Moose Lake; Fred Lafleur [sic], individually and in his capacity as Commissioner of the Minnesota Department of Corrections; Sheryl Ramstad Hvass, in her capacity as Commissioner of the Minnesota Department of Corrections and successor to Fred Lafluer [sic]; John Doe I and John Doe II,

Defendants. Civ. No. 01-1626 (RHK/RLE)

* * * * * * * * * * * * * * * * * * *

At Duluth, in the District of Minnesota, this 5th day of September, 2002.

* * *

On September 5, 2002, the Court heard argument on the Defendants' Motion to Compel Discovery Responses. At the time of the Hearing, the Plaintiff appeared by William J. Kranz, Esq., and the Defendants appeared by Jennifer A. Service, Assistant Minnesota Attorney General. Since the Motion was unopposed, we grant the

FILED SEP 05 2002
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD_______
DEPUTY CLERK_______

same, and enter this Minute Order to apprise the Plaintiff that the failure to respond to discovery can result in the imposition of sanctions, up to, and including, the dismissal of the Plaintiff's Complaint. See, Rule 37, Federal Rules of Civil Procedure.

We are aware, from correspondence from the Plaintiff's attorney, that the Plaintiff refuses to execute the discovery responses which require her signature. Since those responses will not have legal effect, absent their execution by the party responding, the failure to sign her Interrogatory Answers, to use but one example, constitutes a failure to answer properly served discovery. As provided in Rule 37(d):

> If a party * * * fails * * * to serve answers objections to interrogatories submitted under Rule 33, after proper service of the interrogatories, * * * the court in which the action is pending on motion may make such orders in regard to the failure as are just * * *.

Included among the Orders that the Court may so enter include the following:

> (A) An order that the matters regarding which the order was made or any other designated facts shall be taken to be established for purposes of the action in accordance with the claim of the party obtaining the order;
>
> (B) An order refusing to allow the disobedient party to support or oppose designated claims or defenses, or prohibiting that party from introducing designated matters in evidence; [or]

> (C) An order striking out pleadings or parts thereof, or staying further proceedings until the order is obeyed, or dismissing the action or proceeding or any part thereof, or rendering a judgment by default against the disobedient party.

Rule 34(b)(2)(A)-(C).

The Defendants have not requested the imposition of sanctions to this point, but we alert the Plaintiff to the fact that, if she disobeys this Order, this Court may impose "[i]n lieu of any of the foregoing orders or in addition thereto, an order treating as a contempt of court the failure to obey any orders except an order to submit to a physical or mental examination." Rule 34(b)(2)(D), Federal Rules of Civil Procedure. In addition, "the Court shall require the party failing to obey the order or the attorney advising that party or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the court finds that the failure was substantially justified or that other circumstances make an award of expenses unjust." Rule 37(b)(2), Federal Rules of Civil Procedure.

We note that this case is set for Trial within approximately two months from the date of this Order. We also note that the Defendants have delayed, for reasons unknown to this Court, seeking an Order compelling discovery responses. To assure the orderly progression of this case to Trial, we direct the Plaintiff to personally serve upon the Defendants, **by no later than September**

**12, 2002**, fully responsive, and executed, Answers to the Defendants Interrogatories, and complete responses to the Defendants' Requests for Production of Documents. Lastly, as we observed at the close of the Hearing, if, as Plaintiff's counsel has advised, counsel seeks to withdraw from his representation of the Plaintiff, counsel is directed to file his Motion with the District Court, the Honorable Richard H. Kyle presiding, and counsel should contact the Calendar Clerk to the District Court, in order to determine whether the Motion to Withdraw, if one is filed, can be heard at the same time as the Defendants' Motion for Summary Judgment.

NOW, THEREFORE, It is --

ORDERED:

That the Defendants Motion to Compel Discovery Responses [Docket No. 12] is GRANTED, and the Plaintiff is directed to personally serve properly executed responses to the Defendants' discovery **by no later than September 12, 2002.**

BY THE COURT:

Raymond L. Erickson
UNITED STATES MAGISTRATE JUDGE